UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA G. SANCHEZ,<br><br>        Plaintiff,<br><br>-v-<br><br>KNIGHT ADJUSTMENT BUREAU,<br><br>        Defendant. | CASE NO.: 1:19-cv-01901<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Anita G. Sanchez, for her complaint against Knight Adjustment Bureau, ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

1

PARTIES

4. Plaintiff, Anita G. Sanchez ("Ms. Sanchez"), is a natural adult person residing in West Chicago, Illinois, which lies within the Northern District of Illinois.

5. Ms. Sanchez is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Ms. Sanchez is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Knight Adjustment Bureau, is a Utah corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. Ms. Sanchez obtained a copy of her credit report and discovered Defendant reporting a delinquent debt originally owed to "UNIVERSAL ACCOUNTING for $6,364.00. (the "Subject Debt"). Relevant pages from Ms. Sanchez's Experian credit report, dated February 25, 2019, are attached to this complaint as Exhibit A.

13. Ms. Sanchez also noticed that Defendant had updated its reporting of the collection account appearing in her credit report as recently as January 31, 2019. See Exhibit A.

14. On or around February 25, 2019, Ms. Sanchez accessed the Defendant website to obtain more information regarding the Subject Debt Defendant was actively attempting to collect from her. (the "Payment Portal") A screenshot of Defendant's Payment Portal accessed by Ms. Sanchez is attached to this complaint as Exhibit B (the "Payment Portal").

15. During Ms. Sanchez's access to the Payment Portal, Defendant identified itself to Ms. Sanchez as a debt collector attempting to collect upon a debt. See Exhibit B.

16. During Ms. Sanchez access to the Payment Portal, Defendant attempted to collect the Subject Debt from Ms. Sanchez.

17. Within the Defendant's portal, Defendant offered Ms. Sanchez the opportunity to make a payment online and further stated:

> *"In order to provide the convenience of an online portal, a Convenience Fee in the amount of $3.00 will be added to your total payment and in Non-Refundable…The Convenience Fee will be included in the total transaction posted to your credit card statement. Your completion of the transaction acknowledges your acceptance of these payment terms."* (the "Convenience Fee") See Exhibit B.

18. The Convenience Fee demanded by Defendant on its Payment Portal is not expressly permissible pursuant to any underlying contract between Ms. Sanchez and her original creditor or as a matter of law. See Exhibit B. The inclusion of a Convenience Fee created a false, deceptive and/or misleading representation as to the actual amount owed and to the extent it implied Defendant could legally collect this fee.

19. After a reasonable time to conduct discovery, Ms. Keeler trusts she can prove that all actions taken by Defendant as set forth in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

20. Confused and concerned upon reviewing Defendant's demand for a Convenience Fee within its Payment Portal, Ms. Sanchez spoke to her attorneys for clarification regarding her rights.

## DAMAGES

21. Ms. Sanchez was misled by Defendant's collection actions on its Payment Portal as the Payment Portal charged an impermissible convenience fee.

22. Ms. Sanchez justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect on the Subject Debt from her and that Defendant will continue to attempt to collect an impermissible convenience fee.

23. As a result of Defendant's conduct, Ms. Sanchez was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. As a result of Defendant's conduct, Ms. Sanchez is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1)*

25. All prior paragraphs are incorporated into this count by reference

26. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to

collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A), and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

27. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) in representing that Ms. Sanchez would be charged the Convenience Fee if she chose to pay through Defendant's Payment Portal. Defendant's charging of the Convenience Fee is not authorized per agreement or otherwise and, therefore, Defendant was not legally entitled to collect it from Ms. Sanchez. For Defendant to state otherwise, as seen in the Payment Portal, constitutes a false, deceptive and/or misleading representation to the extent it implied that Defendant could legally collect this fee.

28. As an experienced debt collection agency, Defendant knows that its representations to a consumer concerning the credit reporting of the account at issue and/or the balance of money the consumer owes are required to be truthful, complete and accurate, without any intent to mislead or deceive.

29. As set forth in paragraphs 21 through 24 above, Ms. Sanchez has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS 505/2*

30. All prior paragraphs are incorporated into this count by reference.

31. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

32. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

33. Defendant violated the ICFA, namely 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Ms. Sanchez by intentionally attempting to collect more money from Ms. Sanchez, the Convenience Fee, than Defendant was otherwise entitled to.

34. As set forth in paragraphs 21 through 24, above, Ms. Sanchez has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

35. As such, Ms. Sanchez is entitled to relief pursuant to 815 ILCS 505/10a.

36. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Ms. Sanchez's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Anita G. Sanchez, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 19th day of March, 2019.                    Respectfully Submitted,

                                                                            */s/ H. Joshua Chaet*
H. Joshua Chaet #6206717
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
josh.c@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                           */s/ H. Joshua Chaet*
H. Joshua Chaet #6206717
CONSUMER LAW PARTNERS, LLC

7